## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | |
|---|---|
| **CHRISTOPHER R. MURRAY,** | § |
| | § |
| **Chapter 7 Trustee** | § |
| | § |
| **v.** | §        **ADVERSARY NO. 22-6046** |
| | §**ALOE LUB'S** |
| **ALOE LUBE, INC.,** | § |
| | § |
| **Defendant** | § |

## ALOE LUBE, INC.'S RESPONSE AND DEFENSES TO TRUSTEE'S COMPLAINT

**TO THE HONORABLE CHRISTOPHER M. LOPEZ, U.S. BANKRUPTCY JUDGE:**

Aloe Lube, Inc. ("Aloe Lube") hereby submits this answer (the "Answer") to the Trustee's Complaint.

### ANSWER

Aloe Lube denies all the allegations set forth in the Trustee's Complaint at Docket No. 1 ("Complaint") except to the extent the allegations are specifically admitted below. To the extent that Aloe Lube states below that it lacks knowledge or information sufficient to form a belief about the truth of certain allegations, Aloe Lube reserves the right to argue that the allegation is true or false based on the evidence. Further, Aloe Lube submits that no response is required to the headings used in the Complaint, but to the extent a response is required, Aloe Lube denies all factual allegations and characterizations in such headings. Below, Aloe Lube sets forth each allegation made in the Complaint, and answers each allegation.

### SUMMARY OF COMPLAINT

1.       This action seeks to avoid and recover fraudulent and preferential transfers made by Debtor QAI to Defendant Aloe Lube between May 24, 2018, and May 24, 2020 (two (2)

years prior to the filing of the above-styled bankruptcy case). Debtor QAI made transfers of at least $109,450.00 during that time to, and for the benefit of, Defendant Aloe Lube by way of money transfers at times when Debtor QAI was insolvent. The transfers were paid pursuant to invoices issued to, and for services provided for, non-party, and 100% owner of Debtor QAI, Central Procurement, Inc. ("CPI").

**Response:** The allegations in Paragraph 1 contain legal argument to which no response is required. Additionally, Aloe Lube lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 1 and thus denies the same. Specifically, Aloe Lube lacks sufficient knowledge to admit or deny that "Debtor QAI made transfers of at least $109,450.00 during that time to, and for the benefit of, Defendant Aloe Lube by way of money transfers at times when Debtor QAI was insolvent. The transfers were paid pursuant to invoices issued to, and for services provided for, non-party, and 100% owner of Debtor QAI, Central Procurement, Inc. ("CPI")" and Aloe Lube denies the same.

2.     The Trustee may avoid and recover these payments as fraudulent transfers pursuant to 11 U.S.C. §§ 547, 548, and 550 and Chapter 24 of the Texas Business and Commerce Code.

**Response:** The allegations in Paragraph 2 contain legal argument to which no response is required, and Aloe Lube denies the same.

3.     Debtor QAI had no legal obligation to make these transfers and received no benefit from making any of these transfers.

**Response:** Aloe Lube lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 3, and Aloe Lube denies the same.

2

<u>**JURISDICTION, VENUE & AND CONSTITUTIONAL AUTHORITY**</u>

4.      The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1334.

**Response:** The allegations made in Paragraph 4 are vague and Aloe Lube denies the same. Aloe Lube admits that the Southern District of Texas, Victoria Division Bankruptcy Court (the "<u>Bankruptcy Court</u>") has jurisdiction.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1409.

**Response:** The allegations made in Paragraph 4 are vague and Aloe Lube denies the same. Aloe Lube admits that the venue in the Bankruptcy Court is proper.

6.      The Trustee consents to entry of a final judgment by this Court in this matter.

**Response:** Aloe Lube lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 6 and thus denies the same.

<u>**PARTIES**</u>

7.      Plaintiff is the duly appointed chapter 7 trustee for the Bankruptcy Estate of Debtor QAI. Plaintiff may be served with pleadings and process in this case through its undesigned counsel.

**Response:** Aloe Lube admits the allegation made in paragraph 7 that "Plaintiff is the duly appointed chapter 7 trustee for the Bankruptcy Estate of Debtor QAI." Aloe Lube, however, lacks sufficient knowledge or information to admit or deny that "Plaintiff may be served with pleadings and process in this case through its undesigned counsel" and thus denies the same.

8.      Defendant Aloe Lube, Inc., is a corporation organized under the laws of Texas and may be served through its registered agent Brickford Wall, 502 Chaparral, Victoria, Texas 77901, or wherever it may be found.

**Response:** Aloe Lube admits the allegations made in paragraph 8.

3

<u>STATEMENT OF FACTS</u>

9.     Debtor QAI was an independent oilfield services company focused on providing drilling fluids and solids control services to national and independent oil companies. Debtor QAI was based in Houston, Texas.

**Response:** Aloe Lube lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 9 and thus denies the same.

10.     Debtor QAI failed to make payments on debt as it became due in early 2018. Indeed, QAI was making late payments to vendors from February 2018 onward. These late payments became progressively late over time.

**Response:** Aloe Lube lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 10 and thus denies the same.

11.     On May 24, 2020 ("Petition Date"), Debtor QAI filed a voluntary Chapter 7 petition for bankruptcy under title 11 of the Bankruptcy Code, commencing bankruptcy case number 20-60030 in the United States Bankruptcy Court for the Southern District of Texas, Victoria Division. On the same day, Debtor Anchor filed a voluntary Chapter 7 petition commencing bankruptcy case number 20-60031 in the same court. Plaintiff was appointed as chapter 7 trustee for both.

**Response:** Aloe Lube lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 11. However, Aloe Lube admits that the docket reflects that two voluntary chapter 7 petitions were filed with cause numbers 20-60030 and 20-60031.

12.     On May 27, 2020, the bankruptcies were ordered combined for joint administration at Docket No. 10.

**Response:** Aloe Lube admits that the docket reflects that the bankruptcies were ordered combined for joint administration.

13.     Debtor QAI is wholly owned by Central Procurement Inc. ("CPI").

**Response:** Aloe Lube lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 and thus denies the same.

14.     Defendant Aloe Lube was engaged by CPI to provide CPI with glycol.

| Vendor: | ALOE LUBE, INC. | Sold To: | CENTRAL PROCUREMENT INC. | Ship to: | Intertrans | Invoice Remit to: | |
|---------|-----------------|----------|--------------------------|----------|-----------|-------------------|---|
| Address: | 158 FM 2615 VICTORIA, TX 77905 USA | Address: | 11700 KATY FWY SUITE 200 HOUSTON, TX 77079 USA | Address: | 721 Bona Terra Dr. Suite B PHARR TX 78577 USA | Address: | |
| Phone: Contact: Email: | 361-575-0542 PHONE | Phone: Contact: Email: | | Phone: Contact: Email: | | Phone: Contact: Email: | |

This purchase order shall be governed by the standard terms and conditions covered in appendix 1

Terms of sales:  (Incoterms 2010)                              Payment Terms: N30

| Item Number | Description | Unit | Quantity | Size | Unit Price | Amount |
|-------------|-------------|------|----------|------|------------|--------|
| CMX00262 | GLYMAX | DM | 8.0000 | 208L | 265.00 | 2,120.00 |
| | | | | | Charges | 0.00 |
| | | | | | Total (USD) | 2,120.00 |

**Response:** Aloe Lube lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 and thus denies the same.

15.     While Debtor QAI was struggling financially, CPI was paying for its glycol orders from Defendant Aloe Lube through Debtor QAI's accounts. In other words, CPI was using QAI's accounts to pay for glycol that was of no, or almost no, benefit to Debtor QAI.

**Response:** Aloe Lube lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15 and thus denies the same.

16.     The payments for the glycol were significant. Debtor paid Defendant Aloe Lube over $100,000 for glycol ordered by, and for, CPI.

| Payment Date | Payment To | Payment Amount |
|--------------|------------|----------------|
| 9/12/2019 | Aloe Lube | $2,120.00 |
| 10/24/2019 | Aloe Lube | $64,130.00 |
| 4/3/2019 | Aloe Lube | $43,200.00 |
| | **Total:** | **$109,450.00** |

5

3098548

**Response:** The allegations in Paragraph 16 contain legal argument to which no response is required. Aloe Lube lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 16 and thus denies the same. Specifically, the allegation that "the payments for the glycol were significant" contains legal argument. Additionally, Aloe Lube lacks sufficient knowledge or information to admit or deny that "Debtor paid Defendant Aloe Lube over $100,000 for glycol ordered by, and for, CPI" and thus denies the same. Aloe Lube admits it received $2,120.00 on or about September 12, 2019. Aloe Lube also admits it received $64,130.00 on or about October 24, 2019.

17.     Because Defendant Aloe Lube was engaged by, and provided glycol to, CPI, all payments made by Debtor QAI to Defendant Aloe Lube were improper, as Debtor QAI did not benefit from any such glycol provided by Defendant Aloe Lube to CPI.

**Response:** The allegations in Paragraph 17 contain legal argument to which no response is required. Aloe Lube lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 17 and thus denies the same.

18.     Despite knowing it did not benefit from the glycol provided by Defendant Aloe Lube to CPI, and knowing it was not obligated to proffer any payments to Defendant Aloe Lube because (1) no invoices were submitted to it, and (2) no engagement between Defendant Aloe Lube and Debtor QAI existed, as the engagement was entered into, by, and for CPI and Defendant Aloe Lube, Debtor QAI nonetheless transferred over $100,000 in payments to Defendant Aloe Lube, which it knew would prevent this money from going to its true creditors.

**Response:**  The allegations in Paragraph 18 contain legal argument to which no response is required. Aloe Lube lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 18 and thus denies the same.

<u>**CAUSES OF ACTION**</u>

**COUNT 1**
**FRAUDULENT TRANSFERS UNDER 11 U.S.C. §§ 548 AND 550**

19.     Plaintiff realleges and incorporates all allegations of fact contained in the preceding paragraphs as if fully set forth herein.

**Response:** Aloe Lube realleges and incorporates its Answer to the allegations contained in the preceding paragraphs.

20.     The Avoidable Transfers made before the Petition Date are avoidable as fraudulent transfers under 11 U.S.C. § 548(a)(1)(A) because Debtor QAI made these transfers with actual intent to hinder, delay, or defraud one or more of its creditors.  Indeed, numerous badges of fraud exist.

**Response:** The allegations in Paragraph 20 contain legal argument to which no response is required. Additionally, the term "Avoidable Transfers" is undefined and, as a result, is vague and Aloe Lube denies the same.

21.     First, Debtor QAI did not receive adequate consideration for the transfers. Debtor QAI did not engage Defendant Aloe Lube. Debtor QAI did not receive any glycol from Defendant Aloe Lube. And Debtor QAI did not receive any other tangible benefit from the glycol delivered by Defendant Aloe Lube to CPI. Yet Debtor QAI paid the bill.

**Response:**  Aloe Lube lacks sufficient knowledge or information to admit or deny that "First, Debtor QAI did not receive adequate consideration for the transfers. Debtor QAI did not engage Defendant Aloe Lube. Debtor QAI did not receive any glycol from Defendant Aloe Lube. And Debtor QAI did not receive any other tangible benefit from the glycol delivered by Defendant Aloe Lube to CPI" and thus denies the same. Additionally, the allegation that "Yet Debtor QAI paid the bill" is vague and Aloe Lube denies the same.

22.     In addition, Debtor QAI's financial condition was deteriorating before the transfers begun. As outlined above in paragraph 10, Debtor QAI was unable to make payments on debt as it became due as early as February 2018.

**Response:** Aloe Lube lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 22 and thus denies the same.

23.     The transfers were also constructively fraudulent because Debtor QAI clearly received less than equivalent value. Defendant Aloe Lube provided glycol to Debtor QAI's parent, CPI, for which Debtor QAI paid the bill. As a result, Debtor QAI could not have received equivalent value for the transfers.

**Response:** Aloe Lube lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 23 and thus denies the same.

24.     The Avoidable Transfers made before the Petition Date are avoidable as fraudulent transfers under 11 U.S.C. § 548(a)(1)(B) because:

a.      Debtor QAI made these transfers and received less than a reasonably equivalent value in exchange for such transfer or obligations, and in fact, received no value;

b.      Debtor QAI was insolvent on the date each such transfer was made, or such obligation was incurred, or became insolvent as a result of such transfer or obligation; and

c.      Debtor QAI was not personally liable for the debts satisfied by the Avoidable Transfers.

**Response:** The allegations in Paragraph 24 contain legal argument to which no response is required, and Aloe Lube denies the same. Additionally, the term "Avoidable Transfers" is undefined and, as a result, is vague.

25.     Under 11 U.S.C. § 550(a), the Trustee may recover the value of the Avoidable Transfers from "the initial transferee of such transfer of the entity for whose benefit such transfer was made." Defendant Aloe Lube was the initial transferee of the Avoidable Transfers. In the

8

alternative, Defendant Aloe Lube was the entity for whose benefit such transfers were made. Therefore, the Trustee is entitled to avoid and recover the value of the Avoidable Transfers from Defendant Aloe Lube.

**Response:** The allegations in Paragraph 25 contain legal argument to which no response is required, and Aloe Lube denies the same. Additionally, the term "Avoidable Transfers" is undefined and, as a result, is vague.

**COUNT 2**
**ALTERNATIVE RELIEF: AVOIDANCE OF PREFERENCE PAYMENTS**
**PURSUANT TO 11 U.S.C. § 547(b)**

26.     Plaintiff realleges and incorporates all allegations of fact contained in the preceding paragraphs as if fully set forth herein.

**Response:** Aloe Lube realleges and incorporates its Answer to the allegations contained in the preceding paragraphs.

27.     In the event these transfers are considered debts or obligations of Debtor QAI, such transfers amounted to preference payments.

**Response:** The allegations in Paragraph 27 contain legal argument to which no response is required, and Aloe Lube denies the same.

28.     The payments identified in the table below ("Preference Payments") constitute transfers of an interest in property of Debtor QAI, made to or for the benefit of Defendant Aloe Lube within 90 days of the Petition Date. Specifically, Debtor QAI made payments for the benefit of Defendant Aloe Lube by way of electronic payments, as can be seen in the information contained in the table below, at times when Debtor QAI was insolvent.

| Payment Date | Payment To | Payment Amount |
|---|---|---|
| 4/3/2019 | Aloe Lube | $43,200.00 |
| | **Total:** | **$43,200.00** |

9

3098548

**Response:** The allegations in Paragraph 28 contain legal argument to which no response is required, and Aloe Lube denies the same, and Aloe Lube lacks sufficient knowledge or information to admit or deny the allegations and denies the same. Aloe Lube denies that "The payments identified in the table below ("Preference Payments") constitute transfers of an interest in property of Debtor QAI, made to or for the benefit of Defendant Aloe Lube within 90 days of the Petition Date. Additionally, Aloe Lube lacks sufficient knowledge or information to admit or deny that "Specifically, Debtor QAI made payments for the benefit of Defendant Aloe Lube by way of electronic payments, as can be seen in the information contained in the table below, at times when Debtor QAI was insolvent" and thus denies the same.

29.     Payments made in the 90 days before the Petition Date amount to $43,200.00.

**Response:** Aloe Lube denies the allegation made in Paragraph 29.

30.     As a result, $43,200.00 are preference payments and should be avoided.

**Response:** The allegations in Paragraph 30 contain legal argument to which no response is required, and Aloe Lube denies the same.

### COUNT 3
### TEXAS UNIFORM FRAUDULENT TRANSFERS ACT

31.     Plaintiff realleges and incorporates all allegations contained in the preceding paragraphs as if fully set forth herein.

**Response:** Aloe Lube realleges and incorporates its Answer to the allegations of fact contained in the preceding paragraphs.

32.     The Avoidable Transfers are avoidable as fraudulent transfers under TEX. BUS. & COM. CODE ANN. § 24.001, *et. seq.* ("Texas Uniform Fraudulent Transfer Act" or "TUFTA"), which the Trustee incorporates pursuant to 11 U.S.C. § 544(b)(1).

3098548

**Response:** The allegations in Paragraph 32 contain legal argument to which no response is required, and Aloe Lube denies the same. Additionally, the term "Avoidable Transfers" is undefined and, as a result, is vague.

33.     One or more creditors exist whose claims arose before some of the Avoidable Transfers for whom the Trustee can act.

**Response:** The allegations in Paragraph 33 contain legal conclusions to which no response is required, and Aloe Lube denies the same. Additionally, Aloe Lube lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 33 and thus denies the same. Finally, the term "Avoidable Transfers" is undefined and, as a result, is vague.

34.     Debtor QAI made the Avoidable Transfers for the benefit of CPI and/or Defendant Aloe Lube with the actual intent to hinder, delay, or defraud one or more of its true creditors. These transfers exhibit badges of fraud. The Trustee incorporates by reference the facts set forth in paragraphs 13-18, *supra*, setting forth the facts supporting a finding that Debtor QAI had actual intent to hinder, delay, or defraud. Accordingly, the Avoidable Transfers are fraudulent under TEX. BUS. & COM. CODE ANN. § 24.005(a)(1), and the Trustee may avoid and recover the Avoidable Transfers from Defendant Aloe Lube.

**Response:** The allegations in Paragraph 34 contain legal conclusions to which no response is required, and Aloe Lube denies the same. Additionally, Aloe Lube lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 34 and thus denies the same. Finally, the term "Avoidable Transfers" is undefined and, as a result, is vague.

35.     Debtor QAI made the Avoidable Transfers to Defendant Aloe Lube without receiving reasonably equivalent value in exchange for the Transfers. Additionally, when Debtor QAI made the Avoidable Transfers for the benefit of Defendant Aloe Lube, it (1) was engaged or

was about to engage in a business or transaction for which the remaining assets of Debtor QAI were unreasonably small in relation to the business or transaction, or (2) intended to incur, or believed or reasonably should have believed that Debtor QAI would incur, debts beyond its ability to pay as they became due. Accordingly, the Avoidable Transfers are fraudulent under TEX. BUS. & COM. CODE ANN. § 24.005(a)(2), and the Trustee may avoid and recover the Avoidable Transfers from Defendant Aloe Lube.

**Response:** The allegations in Paragraph 35 contain legal conclusions to which no response is required, and Aloe Lube denies the same. Additionally, Aloe Lube lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 35 and thus denies the same.

36.    Debtor QAI made the Avoidable Transfers to the transferees for the benefit of Defendant Aloe Lube and CPI (1) without receiving reasonably equivalent value in exchange for the Avoidable Transfers, and (2) Debtor QAI either was insolvent when it made the Avoidable Transfers, or it became insolvent, partially as a result of the Avoidable Transfers. At the time of the Avoidable Transfers, (1) Debtor QAI's debts exceeded the fair valuation of all its assets, and (2) Debtor QAI was generally not paying its debts as they became due. Accordingly, the Avoidable Transfers are fraudulent under TEX. BUS. & COM. CODE ANN. § 24.006(a), and the Trustee may avoid and recover the Avoidable Transfers.

**Response:** The allegations in Paragraph 36 contain legal conclusions to which no response is required, and Aloe Lube denies the same. Additionally, Aloe Lube lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 36 and thus denies the same. Finally, the term "Avoidable Transfers" is undefined and, as a result, is vague.

37.    Because the Avoidable Transfers were fraudulent under TEX. BUS. & COM. CODE ANN. §§ 24.005(a)(1) and (2) and 24.006(a), the Trustee may avoid the Avoidable Transfers to

3098548

Defendant Aloe Lube under Tex. Bus. & Com. Code Ann. § 24.008. Pursuant to 11 U.S.C. § 550(a) and Tex. Bus. & Com. Code Ann. § 24.008, the Trustee may recover from Defendant Aloe Lube the value of the Avoidable Transfers.

**Response:** The allegations in Paragraph 37 contain legal conclusions to which no response is required, and Aloe Lube denies the same.

**CONSTRUCTIVE TRUST**

38.     Once an entity becomes insolvent and can no longer continue normal business operations, its assets become a trust fund for the benefit of all creditors. *Tigrett v. Pointer*, 580 S.W.2d 375, 383 (Tex. Civ. App.—Dallas 1979, writ ref'd n.r.e.). Any assets that are transferred to or for the benefit of an officer, director, or owner are held in a constructive trust. *Southwest Livestock & Trading Co. v. Dooley*, 884 S.W.2d 443,444 (Tex. App.—San Antonio 1994, writ denied); *Donovan v. Rankin*, 768 S.W.2d 443, 444 (Tex. App.—Houston [1st Dist.] 1989, writ denied). The Trustee requests that a constructive trust be imposed against all Avoidable Transfers made to Defendant Aloe Lube.

**Response:** The allegations in Paragraph 38 contain legal argument to which no response is required, and Aloe Lube denies the same.

**TURNOVER OF PAYMENTS UNDER 11 U.S.C. § 542**

39.     All of the Avoidable Transfers made to Defendant Aloe Lube are property of the Bankruptcy Estate. The Avoidable Transfers are in a known amount. The Trustee seeks a judgment requiring the turnover of all Avoidable Transfers and all proceeds derived there from pursuant to 11 U.S.C. § 542.

3098548

**Response:** The allegations in Paragraph 39 contain legal conclusions to which no response is required, and Aloe Lube denies the same. Additionally, the term "Avoidable Transfers" is undefined and, as a result, is vague.

<u>**ATTORNEYS' FEES**</u>

40.      The Trustee requests an award of his reasonable attorneys' fees and costs pursuant to TEX. BUS. & COM. CODE ANN. § 24.013 and all other applicable law.

**Response:** The allegations in Paragraph 40 contain legal conclusions to which no response is required, and Aloe Lube denies the same.

<u>**PRE- AND POST-JUDGMENT INTEREST**</u>

41.      The Trustee seeks pre- and post-judgment interest on his recovery at the maximum amount allowable by law.

**Response:** The allegations in Paragraph 41 contain legal conclusions to which no response is required, and Aloe Lube denies the same.

<u>**PRAYER**</u>

42.      Accordingly, the Trustee requests the entry of a judgment against Defendant Aloe Lube, Inc., consistent with the above-stated causes of action, including all actual damages, turnover, the imposition of a constructive trust, attorneys' fees and costs, pre- and post- judgment interest, and all such other and further relief to which the Trustee may be justly entitled.

**Response:** The allegations in Paragraph 42 contain legal conclusions to which no response is required, and Aloe Lube denies the same.

<u>**DEFENSES**</u>

43.      Aloe Lube asserts the following defenses (the "<u>Defenses</u>"). In asserting the Defenses, Aloe Lube does not assume the burden of proof or persuasion with respect to any

14

issues as to which applicable law places such burden(s) on the Debtor. Aloe Lube has not waived and does not waive any defenses pursuant to the Federal Rules of Bankruptcy Procedure or, as incorporated thereby, the Federal Rules of Civil Procedure, or any other rights, privileges, or defenses. Aloe Lube sets forth the Defenses based on Aloe Lube's present knowledge and information and subject to amendment following further investigation.

**A.     Ordinary Course of Business**

44.     Pursuant to 11 U.S.C. §547, the debt was incurred in the ordinary course of the parties' business, the payment was made in the ordinary course of the parties and the payment was made according to the ordinary business terms.

45.     Aloe Lube asserts any alleged preference payment was made in the ordinary course of business as established between the parties during the pre-preference period.

**B.     Reasonably Equivalent Value**

46.     Aloe Lube asserts that Debtor received reasonable equivalent value directly or indirectly.

**C.     Reservation of Rights**

47.     Aloe Lube reserves the right to amend this Answer to add, delete, or modify any claims or defenses based upon legal theories, facts, or circumstances that may have come to light or be divulged through discovery or further legal analysis of Aloe Lube's position in this contested matter.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant, Aloe Lube, Inc., prays that upon hearing hereof that Plaintiff, Christopher R. Murray, Chapter 7 Trustee, take nothing by the Complaint, that the Court award Defendant its costs of suit incurred herein, including but not

3098548

limited to, reasonable attorney's fees that are equitable and just pursuant to §24.013 of the Texas Business and Commerce Code, and for such other and further relief, at law or in equity, to which the Court may deem just and proper.

DATED:  September 28, 2022.

Respectfully submitted,

HUGHES WATTERS ASKANASE, LLP

By: *Heather Heath McIntyre*
Heather Heath McIntyre   TBN 24041076
Alexander Perez            TBN 24074879
Christopher Agboli         TBN 24103561
hmcintyre@hwa.com
1201 Louisiana, Suite 2800
Houston, TX 77002
Telephone:    713-759-0818
Facsimile:     713-759-6834

ATTORNEYS FOR ALOE LUBE

16

3098548

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the *Answer to Trustee's Complaint* was served on the party listed below via the Court's ECF notice system, on September 28, 2022.

Nicholas R. Lawson                     Via Nick.Lawson@mhllp.com
Avi Moshenberg                         Via Avi.Moshenberg@mhllp.com
Matthew Caldwell                       Via Matthew.Caldwell@mhllp.com
McDowell Heatherington LLP
1001 Fannin Street, Suite 2700
Houston, Texas 77002


*/s/ Heather Heath McIntyre*
Heather Heath McIntyre

17

3098548